UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOANN PEAVLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-cv-00080-TWP-TAB |
| | ) |
| LAW FIRM OF KRISOR & ASSOCIATES, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON ASSESSMENT OF ATTORNEY'S FEES AND COSTS

This matter is before the Court on Plaintiff Joann Peavler's ("Ms. Peavler") Motion for Assessment of Attorney's Fees and Costs (Filing No. 15). On April 8, 2014, Ms. Peavler filed a motion for an award of attorney's fees under the Fair Debt Collection Practices Act ("FDCPA"). Defendant, The Law Firm of Krisor & Associates ("Krisor") opposed the motion, and Ms. Peavler filed a reply and a Supplemental Motion for Attorney's Fees. For the reasons stated below, the Motion is **GRANTED**.

### I. BACKGROUND

On January 17, 2014, Ms. Peavler brought this action against Krisor seeking "actual and statutory damages, legal fees and costs" pursuant to the FDCPA (Filing No. 1). On or about March 18, 2014, Krisor made an Offer of Judgment on the FDCPA claim and agreed "to pay $1,000 in statutory damages, as well as, [sic] the Plaintiff's reasonable attorney's fees and costs." (Filing No. 16, at ECF p. 1). Ms. Peavler accepted the Offer of Judgment on March 24, 2014, and sent a settlement proposal to the Defendant on April 1, 2014. On that same date she filed the instant Motion for Assessment of Attorney's Fees and Costs.

Ms. Peavler employs the familiar lodestar method to calculate the attorney's fees leading to the acceptance of the offer of judgment, and requests $2,675.00 for attorney time (10.7 hours at $250.00 per hour), $720.00 for paralegal/clerk time (7.2 hours at $100.00 per hour), and $500.00 in additional costs. (*See* [Filing No. 15-3](); [Filing No. 16]().) This amount, totaling $3,895.00, is explained in detail by the invoice submitted by Ms. Peavler's counsel. ([Filing No. 15-3]().)

Krisor does not generally oppose the award of attorney's fees and costs, but does challenge two aspects of the award sought by Ms. Peavler and argues the amount of the award should be reduced, because 1) the number of hours expended by Ms. Peavler's counsel was unreasonable; and 2) the attorney's fees are inconsistent with Ms. Peavler's bankruptcy position.

A Supplemental Affidavit ([Filing No. 21]()) accounts for professional services rendered after the acceptance of the offer of judgment and, in doing so, requests an additional $2,825.00 for attorney time (11.3 hours at $250.00 per hour) and $580.00 for paralegal/clerk time (5.8 hours at $100.00 per hour) for the Reply to Defendant Krisor's Response ([Filing No. 20]()). Additionally, Ms. Peavler submitted a Supplemental Motion ([Filing No. 26]()) ostensibly to clarify, revise, and supplement requests that had already been explained and detailed across the original Motion for Assessment of Attorney's Fees and Costs ([Filing No. 15]()), the original Motion's Exhibit B ([Filing No. 15-3]()), and the Supplemental Affidavit of Attorney's Fees and Costs ([Filing No. 21]()). As originally submitted, Exhibit A of the Supplemental Motion ([Filing No. 26-2]()) overlooked entries for April 22, 2014 through May 5, 2014 (*see* [Filing No. 26-2, at ECF pp. 7-8]()) and was subsequently corrected the following day (*See* [Filing No. 27]()). When corrected, the revised Exhibit A ([Filing No. 27-1]()), requests for professional services rendered after acceptance of the offer of judgment a total of $4,125.00 for attorney time (15.0 hours at $275.00 per hour)

and $840.00 for paralegal/clerk time (8.4 hours at $100.00 per hour) ([Filing No. 27-1](#)). Combined with the pre-acceptance amount, Ms. Peavler requests a total award of $8,860.00.

## II. LEGAL STANDARD

Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees as determined by the Court. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). In proving the reasonableness of attorney's fees, the burden rests on the party seeking the fee award. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999). The decision whether to award fees rests within the broad discretion of the District Court, *id.* (quoting *Bankston v. Ill.*, 60 F.3d 1249, 1255 (7th Cir. 1995)), who is able to exercise discretion to remove any "excessive, redundant or otherwise unnecessary" hours, *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Because the fee amount is not mechanically linked to the amount of the plaintiff's award, *Eddleman v. Switchcraft, Inc.*, 927 F.2d 316, 318 (7th Cir. 1991), the lodestar method of calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate is an appropriate, and helpful, determination. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). This method may be adjusted by the Court to "reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). In this manner, the lodestar method yields a fee amount that is presumptively reasonable, *see Pa. v. Del. Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 565 (1986); *Gastineau*, 592 F.3d at 748, yet defers to the district court's "greater familiarity with the case" regarding the reasonable number of hours expended on the case.

3

*Small*, 264 F.3d at 708; *see also Gastineau,* 592 F.3d at 748 (affirming district court's decision that attorney had not "earned the amount of time billed").

### III. DISCUSSION

A. **The Hours Expended for Services Rendered Before the Acceptance of the Offer of Judgment**

The Court must exclude from the fee award any hours deemed "'excessive, redundant or otherwise unnecessary.'" *Small*, 264 F.3d at 708 (quoting *Hensley*, 461 U.S. at 434). The Court will specifically address only the objections that were brought by Krisor, including the amount of time spent on: 1) drafting and research of the complaint; 2) secretarial or clerical tasks; 3) drafting of discovery; 4) review of time entries; and 5) communications with the bankruptcy trustee and with the client.

### 1. Drafting and Research of the Complaint

Krisor argues that the following time entries are excessive: 0.2 hours of attorney time to draft the affidavit, 1.2 hours of paralegal/clerk time for drafting the complaint and accompanying documents, 0.4 hours of paralegal/clerk time for researching Krisor on PACER, 0.2 hours of attorney time for researching and reviewing the bankruptcy docket with regards to Krisor, 0.1 hours of attorney time for receiving client documents relating to the complaint, and 0.7 hours of attorney time for reviewing and revising the complaint and accompanying documents ([Filing No. 17, at ECF pp. 2-4](Filing No. 17, at ECF pp. 2-4)). In claiming such, Krisor relies heavily on *Young v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-255-WTL-DKL, 2012 WL 3764014 (S.D. Ind. Aug. 8, 2012) *report and recommendation adopted as modified*, 1:11-CV-255-WTL-DKL, 2012 WL 3776498 (S.D. Ind. Aug. 28, 2012), and *M.T. ex. Rel. Todd v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-969-WTL-DKL, 2012 WL 3764039 (S.D. Ind. Aug. 8, 2012) *report and recommendation adopted*, 1:11-CV-969-WTL-DKL, 2012 WL 3764036 (S.D. Ind. Aug. 28, 2012). In the reply, counsel

4

for Ms. Peavler asserts that, not having ever encountered Krisor as a defendant, the charges were necessary for the adequate preparation of a complaint that could pass the scrutiny of Fed. R. Civ. P. 11.

The Court agrees with counsel for Ms. Peavler. Though courts have found that it is excessive to charge 1.9 hours of paralegal/clerk time to "make relatively minimal changes to a form complaint" that had been recycled against a defendant for a second use, *Young*, 2012 WL 3764014 at *3, it is not unreasonable under these circumstances to charge 1.2 hours to draft a Complaint, Summons, Civil Cover sheet, Appearance forms, and a Consent to Jurisdiction form against Krisor, who had never been a defendant of the counsel to Ms. Peavler, and an additional 0.7 hours for an attorney to oversee and ensure the veracity of the alleged claims. (*See* Filing No. 20, at ECF pp. 6-7.) Research on a new defendant is unlike research on a three-repeat defendant. For the same reason, the entries for 0.2 hours of attorney time to draft the affidavit and 0.4 hours of paralegal/clerk time to research Krisor are easily distinguished from those in *Young* and *Todd*.

Like *Young* and *Todd*, however, the 0.2 hours of attorney time in the present case spent reviewing the bankruptcy docket with regards to Krisor was both reasonable and prudent given the requirements of Rule 11.

The Court concludes that the time required in researching and preparing a complaint against this particular defendant is neither excessive nor otherwise unnecessary. Consequently, these time entries do not warrant reduction.

### 2. Secretarial or Clerical Tasks

Krisor objects to the 0.8 hours of paralegal/clerk time spent on filing the complaint on January 17, 2014, as well as the 0.1 hours spent sending the demand letter to Krisor on February 21, 2014 (Filing No. 17, at ECF p. 4). Krisor, in arguing that this work falls in the category of

administrative tasks for which recovery should not be awarded, again relies on the Court's findings in *Young* and *Todd*.

The Court agrees that the 0.1 hours for sending the demand letter constitutes administrative time that should not be compensable under attorney's fees. "Simple administrative tasks that can easily be performed by a full-time secretary" cannot be charged as attorney or paralegal time. *Spegon,* 175 F.3d at 553 (holding that, in a motion for fees, "the district court should disallow time spent on what are essentially clerical or secretarial tasks.") (internal citations omitted). Travel to the post office to mail documents, like travel to and from court for the purpose of filing a complaint, is traditionally counted as part of a law firm's administrative clerical work—and will be considered so in this case.

However, time spent filing a complaint is unlike administrative clerical work, *see Young*, 2012 WL 3764014 at *4; *Williams v. Z.D. Masonry, Corp.*, No. 07-C-6207, 2009 WL 383614, at *4 (N.D. Ill. Feb. 17, 2009) ("In light of the problems that can result from a botched electronic filing, the court will not second-guess the firm's decision that such filing must be overseen by a paralegal."). Thus, the 0.8 hours will be allowed.

Therefore, the Court will deduct 0.1 hours of paralegal/clerk time, or $10.00, from the fee award, but allow for the other 0.8 hours.

### 3. Drafting of Discovery

Krisor challenges the paralegal/clerk and attorney time spent drafting and reviewing discovery requests on February 24, 2014, and argues for its removal from the attorney's fees calculation because the discovery was "unnecessary and never served." ([Filing No. 17, at ECF p. 4](#).) Krisor, providing no other reason for this request, is presumably arguing that it should not be charged for discovery that was prepared prior to the case management plan and never served.

The Court disagrees. Although parties are prohibited by Fed. R. Civ. P. 26(d) from *engaging* in discovery, no such restriction on drafting and reviewing requests exists. The drafting in this case, occurring over a month after the filing of the complaint and alongside other discovery tasks like preparation of Initial Disclosures (*see* Filing No. 15-3), occurred reasonably. *See Luttrell v. Accounts Recovery Bureau, Inc.*, No. 1:11–CV–0877–JMS–DML, 2012 WL 566396, at *5-6 (S.D. Ind. Jan. 26, 2012). Consequently, these time entries shall remain.

4. **Review of Time Entries**

Krisor challenges the 0.2 hours of attorney time for reviewing time entries on March 25, 2014 as being excessive, and requests that these entries be eliminated. (Filing No. 17, at ECF p. 4.) Contrary to Krisor's suggestions, both *Young* and *Todd* allowed entries for reviewing time records, and the Court will continue to do so in this case.

5. **Communications with Bankruptcy Trustee and with Client**

Krisor argues that the 0.9 hours of attorney time communicating with the bankruptcy trustee regarding the status of the FDCPA claim is the fault of Ms. Peavler's counsel, and furthermore, that various other entries of attorney and paralegal/clerk time spent communicating with clients are too vague to be determinably compensable.

Neither argument convinces the Court that Ms. Peavler's counsel was not justified in including these charges. The contact to clarify the status of the FDCPA claim was a precautionary and prudent step to comply with requirements of the U.S. Bankruptcy Court. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 645 (1992) (discussing the penalties of 11 U.S.C. § 727(a)(4)(B), Rule 1008, Rule 9011, and 18 U.S.C. § 152). Similarly, the contact of Ms. Peavler's counsel with his client and opposing counsel is sufficiently documented and allows the Court to determine that the charges are not redundant. *See Small*, 264 F.3d at 708.

7

### B. The Inconsistency with Bankruptcy Position

Krisor argues secondly that Ms. Peavler's misrepresentation and undervaluing of this case in her bankruptcy petition should result in the Court's estoppel of Ms. Peavler's claims for attorney's fees. Krisor also attempts, unconvincingly, to tether the amount requested in attorney's fees to the value of the claim reported in her bankruptcy petition.

The Court will forego denying or, in the alternative, decreasing Ms. Peavler's claims as Krisor urges. Attorney's fees are separate from damages for the claimant, and are mandatory for a successful action brought under the FDCPA. *See Zagorski v. Midwest Billing Servs.*, 128 F.3d 1164, 1166 (7th Cir. 1997). In accepting the offer of judgment for the maximum $1,000.00 in statutory damages, Ms. Peavler prevails in the litigation. The attorney's fees sought by the motion at issue are in addition to, and separate from, the statutory recovery stipulated in the offer of judgment. Because the amount is awarded to Ms. Peavler's counsel, not Ms. Peavler herself, the fee award is not considered an asset of Ms. Peavler's bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) ("[E]state is comprised of . . . all legal or equitable interests *of the debtor* in property as of the commencement of the case.") (emphasis added).

Moreover, the amount of attorney's fees requested need not be proportionate to the settlement or judgment amount. *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863 (7th Cir. 1995). Though the amount of recovery for statutory damages differs from the requested attorney's fees, the disparity does not compel the Court to strike, or alter, a reasonable request. In the interest of encouraging counsel to undertake FDCPA claims, it is "necessary that counsel should be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino*, 46 F.3d at 652. Therefore, the reasonable request by Ms. Peavler's counsel should be awarded.

8

## C. The Attorney's Fees For Services Rendered After the Acceptance of the Offer of Judgment

The Court notes that the Supplemental Affidavit (Filing No. 21), accounting for Ms. Peavler's reply (Filing No. 20), was offered contemporaneously with the reply itself. Similarly, Ms. Peavler filed the Supplemental Motion (Filing No. 26), and the Corrected Exhibit (Filing No. 27-1), with the Court almost three months after the reply. Krisor has not had the opportunity to analyze the supplemental fee request for the period following the offer of judgment, as well as to argue its unreasonableness. For this reason, the Court exercises its discretion to review the lodestar calculation and requested amount. *Spegon*, 175 F.3d at 550.

As an initial matter, the Court observes a discrepancy in attorney rates across Ms. Peavler's submissions, and corrects it. (*Compare* Filing No. 21 (charging $250.00 per hour for services rendered after acceptance of the offer of judgment), *and* Filing No. 26-2, at ECF pp. 1-6 (charging $250.00 per hour), *with* Filing No. 26-2, at ECF pp. 6-8 (charging $275.00 per hour), *and* Filing No. 27-1 (charging $275.00 per hour)). Ms. Peavler, in offering an hourly rate, must prove it is in line with those prevailing in the community, *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011), and is "derived from the market rate for the services rendered," *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). Ms. Peavler's original Motion for Assessment of Attorney's Fees and Costs already set the reasonable rate at $250.00 per hour. (*See* Filing No. 15-1 ("My reasonable hourly rate . . . is $250.00"); Filing No. 15-4 (describing rising attorney's rates); *see also* Filing No. 15-3 (calculating attorney's fees)). Without supplying the Court with additional evidence or arguments to the contrary, (*see* Filing No. 26), Ms. Peavler cannot satisfy the burden to raise the rate *post hoc* to $275.00. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999). Therefore, attorney rate will be decreased to its former level of $250.00 per hour for the purposes of the lodestar calculation.

More significantly, the Court notes that the amount for litigating attorney's fees and costs, offered by Ms. Peavler's counsel in the supplemental affidavit, (Filing No. 21), and then amplified in the supplemental motion, (Filing No. 26), and corrected exhibit, (Filing No. 27-1), surpasses and overshadows, the amount spent on the original cause of action. (*Compare* Filing No. 27, at ECF pp. 6-9 (charging $4,965.00 for services rendered post-acceptance), *with* Filing No. 27, at ECF pp. 1-6 (charging $3,395.00 for services leading to the acceptance)). A comparison, while inappropriate to consider between the damages award and the attorney fee's calculation, *see supra* Section III.B, is constructive in this instance: the similarity in degree of the two amounts erodes the reasonableness of the request. Observing the disproportion, this Court exercises its discretion to remove any "excessive, redundant or otherwise unnecessary" hours, *Small*, 264 F.3d at 708 (quoting *Hensley*, 461 U.S. at 434), for which Ms. Peavler has not met the burden of reasonableness. *Spegon*, 175 F.3d at 550.

After review, the Court finds that the lodestar calculation, as presented doubly in the supplemental affidavit and in the supplemental motion, reeks of "gotcha litigation tactics."[1] Specifically, the amount of hours spent on the reply and accompanying documents is excessive considering the factors, including the lack of complexity, and the supplemental motion contains hours which are redundant.

First, the request for the reply occurs in the larger context of the total request for attorney fees and costs. Accordingly, the Court understands reasonableness of hours spent in the light of

---

[1] The Court recognizes that *Perez v. Thortons, Inc.*, 731 F.3d 699 (7th Cir. 2013), deals with procedural issues in a summary judgment case—yet realizes the expression, applicable across procedural situations, is particularly telling in reference to cases involving attorney fees. Specifically, the Court is reminded of Judge David Hamilton's admonition in *Baltimore Cnty. v. AT & T Corp.*, 735 F. Supp. 2d 1063, 1098 (S.D. Ind. 2010), that "[l]itigation is more than an exercise in playing 'Gotcha.'"

counsel's speedy work previous to the reply. For the initial FDCPA complaint, counsel took 0.2 hours of attorney time to draft an affidavit, 0.1 hours to receive client documents relating to the complaint, 0.2 hours to research and review the bankruptcy docket with regards to Krisor, and 0.7 hours to review and revise the complaint and accompany documents, for a grand total of a 1.2 hours. For the motion for assessment of fees, counsel spent 0.2 hours of attorney time to review the motion, 0.2 hours to review the affidavit of fees and costs, 0.2 hours to review exhibits, as well as only 1.2 hours to draft the eleven page memorandum of law on the issue of attorney's fees. This took a total of 1.8 hours.

By contrast, counsel claimed at first that it took 11.3 hours of attorney time – later rearranging the entries and dates and raising the total number to 11.6 – to submit the reply accounting for Krisor's response. The Court finds the number unreasonable. *See Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004) (affirming district judge's reduction "by 30 percent, or 425 hours" for entries on the fee request that were "particularly vague"). The bulk of these hours occur between four entries spread across April 29, May 4, and May 5 when counsel grossed 10.2 hours simply reviewing research and drafting the reply itself. (*See* Filing No. 27-1, at ECF pp. 8-9) (noting vaguely that counsel "began drafting reply," "continued to draft reply," and "finished drafting reply".) Moreover, counsel also includes an additional 5.4 hours of paralegal/clerk time on April 28 for indiscriminate "Legal Research" presumably linked to the reply, as well as 0.5 hours to draft the supplemental affidavits and prepare the exhibits. (*See* Filing No. 27-1, at ECF p. 8.)

These numbers charged to Krisor are excessive in light of the brevity of Krisor's response, (*see* Filing No. 17) (arguing generally that the time billed was first unreasonable and secondly inconsistent with Ms. Peavler's bankruptcy position), and the lack of new authority in

11

Ms. Peavler's reply, (*see* Filing No. 20) (citing generally Fed. R. Civ. P. 11, as well as recycled case law and arguments from the original motion, for over half of the reply). Accordingly, the Court reduces the total number of hours for attorney time by a one half to 5.8 hours total, and for paralegal/clerk time by two thirds to 1.8 hours total.

Furthermore, the submission of the supplemental motion on July 31, 2014 implies a desire by counsel to unreasonably embellish its award. Setting aside Ms. Peavler's stated rationale that "Defendant should be expecting this supplemental motion for attorneys' fees," (Filing No. 26, at ECF p. 2), the consecutive supplemental docket entries are duplicitous – and the hours redundant – when, on May 5, 2014, counsel had already submitted a supplemental affidavit mentioning, explaining and detailing the services rendered after acceptance of the offer of judgment. (*See* Filing No. 21 (maintaining that "a supplemental *affidavit* for an award of attorney fees and costs... will be submitted at a later date") (emphasis added); Filing No. 26 (itemizing, in the Supplemental Affidavit, the "total additional attorney" and the "total additional paralegal time")).

The Court's belief is similarly strengthened by the two-and-a-half month gap that separates the supplemental motion from the previous submission of the reply—a period during which counsel had yet to receive an entry on assessment. (*See* Filing No. 26.) This unnecessary supplement, in this manner, directly disregards the Court's explicit preference that "the parties … agree to the amount of attorney's fees and costs to be awarded and file a notice of their agreement," as an alternative to the costly expenditures of litigating a "reasonable" amount. (Filing No. 13.) Accordingly, the Court removes the total number of unnecessary hours spent filing the Supplemental Motion, and reduces the award amount by 0.7 hours each of attorney and paralegal/clerk time.

Last, but not least, the Court removes the additional clerical mail entry on April 8, 2014, (Filing No. 27, at ECF p. 7), for 0.1 hours, or $10.00, of paralegal/clerk time. *See supra* Part III.A.2.

## IV. CONCLUSION

Ms. Peavler requests a total award of $8,860.00 of attorney's fees and costs, including $6,800.00 for attorney time (10.7 hours at $250.00 per hour, as well as 15.0 hours at $275.00 per hour), $1,560.00 for paralegal/clerk time (15.6 hours at $100.00 per hour), and $500.00 in costs.

For the reasons above, the Court deducts 0.1 hours of paralegal/clerk time, or $10.00, from Ms. Peavler's request for attorney's fees and costs leading to the acceptance of judgment, and awards $3,885.00. Additionally, from the amount pled in the Supplemental Motion, the Court subtracts $375.00 to reflect the previous attorney rate of $250.00 per hour; deducts from the remaining amount 6.5 hours of attorney time, or $1,625.00, and 4.4 hours of paralegal/clerk time, or $440.00; and awards $2,535.00 for the period subsequent to the acceptance of judgment. As a result, the Court awards a total amount of $6,410.00 for attorney fees and costs related to this matter.

**SO ORDERED.**

Date: 8/21/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com